HINSCH *v.* STUART WILSON, INC.

1. NUISANCE—BUMP SHOP—EVIDENCE.
   Evidence presented in suit to abate alleged nuisance resulting from operation of a bump shop *held*, insufficient to justify finding of nuisance, it appearing that immediately surrounding property is zoned for industrial or commercial uses.

2. COSTS—BRIEFS.
   No costs are awarded upon affirmance of decree dismissing bill, where appellee filed no brief.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 15, 1957. (Docket No. 58, Calendar No. 47,316.) Decided December 24, 1957.

Bill by Rosella Gutekunst Hinsch against Stuart Wilson, Inc., a corporation, Stuart Wilson, the City of Dearborn, a municipal corporation, and Orville Hubbard, its mayor, to abate an alleged nuisance. Bill dismissed. Plaintiff appeals. Affirmed.

*Rosella Gutekunst Hinsch, in propria persona.*

DETHMERS, C. J. This is suit to abate an alleged nuisance and recover damages occasioned thereby.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Nuisances § 153 *et seq.*
[2] 14 Am Jur, Costs § 96.

The nuisance was claimed to result from operation of a bump shop. The property upon which it is located is zoned for industrial use and the immediately surrounding property is zoned either industrial or commercial. The bump-shop operation is a permitted use for the property in question under the governing ordinance. Plaintiff resided next door on property belonging to the estate of her deceased father.

The trial court entered a decree dismissing plaintiff's bill of complaint on the ground that there was no evidence of nuisance. Nothing in plaintiff's appendix throws any light on the question. Examination of the original record persuades us that the trial court was right in finding no proof of nuisance.

On oral argument in this Court plaintiff admitted that, since trial, her father's estate had sold its property and that she no longer had any legal interest in it.

Decree affirmed, without costs, defendants having filed no brief.

Sharpe, Smith, Edwards, Voelker, Kelly, Carr, and Black, JJ., concurred.